IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Clark DEMPSEY, Attorney at Law.

Supreme Court

*No. 81–1619–D. Filed June 1, 1983.*
(Also reported in 334 N.W.2d 100.)

PER CURIAM. *Attorney disciplinary proceeding; disciplinary complaint dismissed.*

On August 25, 1981, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that Clark Dempsey, an attorney admitted to practice in

entitled to a jury instruction and special verdict question on the issue of waiver.

1952 and who practices in Whitewater, was guilty of unprofessional conduct. Following a hearing on that complaint, the referee appointed in the matter, appropriately found that there was no unprofessional conduct and recommended that the complaint be dismissed.

The complaint alleged that the respondent simultaneously represented two parties whose interests were adverse, one of whom was the purchaser in a real estate transaction, the other of whom was the City of Whitewater, which attempted to condemn the property and, subsequently, to widen the street on which the property was located. The respondent represented the city in defense of a legal action commenced by the purchaser for a declaration of his interest in the property and to enjoin the city from encroaching upon it.

We referred the matter to the Hon. William C. Sachtjen, Reserve Judge, as referee. In his answer, filed on September 10, 1981, the respondent denied that he had represented the purchaser of the property and affirmatively alleged that the offer to purchase, which he prepared, had been prepared at the request of the owners of the property, whom the respondent had represented on other legal matters.

At the disciplinary hearing, held on June 29 and 30, 1982, the only factual issue litigated was whether the respondent, in fact, represented the purchaser of the property in the proposed transaction. A number of disinterested witnesses gave testimony supporting the respondent's position that during the transaction he represented the seller; only the purchaser testified that the respondent had been representing him. The following evidence was adduced at the hearing: the respondent was approached by the owners of the property to perform the legal work incidental to the sale, as he had been their attorney for a number of years and had represented them when they purchased the property; the respondent draft-

ed an offer to purchase at the owners' request, which was signed by both the owners and the purchaser in the respondent's office; the purchaser did not have an attorney present and stated that he relied upon the respondent, whom he had not previously met; after the offer to purchase had been executed, the purchaser retained the respondent to represent him on other legal matters; the purchaser retained a Madison attorney to represent him when it appeared that the city would not change its plan to condemn the property; the respondent withdrew from representation of the owners of the property when the city was having problems with the owners as to the cleanup of the property; the purchaser never received a billing from the respondent and there was no file, correspondence or documentation drafted by the respondent's office indicating that he ever represented the purchaser concerning the property.

The referee filed his report with the court on March 28, 1983, in which he found that the respondent did not represent the purchaser in the real estate transaction or ever represented him with regard to the property purchased and that it was not improper for the respondent to have represented the city in litigation against the subsequent owner of the property, since he had not represented him in his acquisition of it. The referee also found that when the respondent represented the city in defense of litigation commenced by the purchaser, the interests of the city were not adverse to the interests of the purchaser, whom the respondent had subsequently represented in matters unrelated to the property, and that no "substantial relation" existed between the subject matter of the former representation and the issues in the latter. The referee recommended that the disciplinary complaint against the respondent be dismissed.

We hereby adopt the findings, conclusions and recommendation of the referee.

IT IS ORDERED that the complaint in this matter is dismissed.